NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2782
_____

JEROME L. GRIMES,
                                        Appellant

v.

AVIS BUDGET GROUP
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-18-cv-01936)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 22, 2019

Before: KRAUSE, SCIRICA and NYGAARD, Circuit Judges

(Opinion filed January 28, 2019)
_____

OPINION[*]
_____

PER CURIAM

       Jerome L. Grimes appeals the dismissal of his action for failure to state a claim.

For the following reasons, we will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Because the parties are familiar with the history and facts of the case, we will recount the events in a summary fashion. This action arises from the rental of a car by Grimes from Avis Budget Group, Inc., sometime around December 2014. According to Grimes, Avis used "live human hostages" as bait in order to trick him into rendering emergency assistance to a person. Grimes maintains this was an elaborate ruse designed to separate him from his vehicle, which was subsequently impounded. Grimes alleges he left some property in the vehicle, valued at more than $10,000, which he attempted to retrieve from Avis's rental vehicle distribution yard at DFW International Airport in early March 2015. He maintains he was unsuccessful, as an Avis employee allegedly advised airport police that Grimes was a criminal trespasser with no legal business at the facility. Grimes subsequently brought suit.

After Grimes was given leave to amend his complaint, he alleged various causes of action against Avis, including conspiracy, "covert terror actions," defamation, intimidation, kidnapping, and theft. Avis filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The District Court granted the motion, determining that Grimes had failed to allege sufficient facts to support his claims, while also holding his defamation claim was time-barred. Additionally, the District Court took judicial notice of the fact that this was the fourth lawsuit Grimes had filed based on the same set of facts, and that it was highly unlikely Grimes would be able to further amend his complaint to state a viable cause of action. Thus, the District Court dismissed the amended complaint with prejudice. Grimes appealed.

2

We have jurisdiction to review the District Court's order pursuant to 28 U.S.C. § 1291. We review the District Court's grant of the motion to dismiss pursuant to Rule 12(b)(6) de novo. Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). "To survive a motion to dismiss, a complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'" Fleisher v. Standard Ins., 679 F.3d 116, 120 (3d Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff. Id. Although pro se complaints are held to "'less stringent standards than formal pleadings drafted by lawyers,'" pro se litigants are still required to assert sufficient facts in their complaints to support a claim. Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244–45 (3d Cir. 2013) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

Upon our review of the amended complaint, we come to the same conclusion as the District Court. As noted above, Grimes asserted various causes of action against Avis, which he brought under "U.S.C. 28" and the First Amendment. He does not elaborate on these claims in any meaningful manner. See Dkt. #11. Rather, he generally alleges Avis harmed him in various ways while providing no detail on those alleged harms, which is insufficient to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (noting that, while the pleading standard of Rule 8 does not require "'detailed factual allegations,'" it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and that a complaint is insufficient "if it tenders 'naked

3

assertions' devoid of 'further factual enhancement'" (alteration omitted) (quoting

Twombly, 550 U.S. at 557)).  For example, his allegation of defamation—which is

apparently based on the employee who notified airport police that Grimes was a criminal

trespasser with no legal business at the facility—is nothing but a bare assertion.[1]

Moreover, his allegations, as described above, do not state a *plausible* claim for relief.

See id. at 679 ("Determining whether a complaint states a plausible claim for relief

will . . . be a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense."); cf. Denton v. Hernandez, 504 U.S. 25, 33 (1992)

(ruling that a court may dismiss a complaint when the facts alleged are "wholly

incredible").

On appeal, Grimes argues he has stated a plausible claim for relief "under

defamation violations protected by the [Fourth] Amendment."  Appellant's Br. 31.  He

further contends that the statute of limitations has been tolled pursuant to "Civil Code of

Procedure 335" and the Sixth Amendment.  Appellant's Br. 31, 46.  As to the various

other causes of action, Grimes generally alleges he has stated sufficient facts to support

his claims, and also alleges new facts.[2]  These arguments and facts were not presented to

---

[1] Because we will affirm the District Court's conclusion that Grimes has failed to state a plausible claim for relief, we need not reach its alternative conclusion that his defamation claim was time-barred.

[2] On appeal, he appears to allege, among other things, that a police officer "used reverse psychology without a psychology degree" with "covert terror intent," that he was imprisoned for 60 days due to an "inside job[]" by a "public defender covert post-9/11 terrorist," and that Avis employees "abused their authority, conspired, and invaded" his privacy with "illegal technology" and terroristic intent to steal his property left in the

4

the District Court, and thus we need not address them.  See In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts, 913 F.2d 89, 96 (3d Cir. 1990) (noting we will only consider on appeal the record and facts that were also presented to the District Court).  Regardless, even if Grimes had presented these arguments and facts to the District Court, it would not change our conclusion that he has failed to state a plausible claim for relief.  See Fleisher, 679 F.3d at 120.

Finally, we agree with the District Court's determination that allowing any further amendment to the complaint would fail to cure the deficiencies in Grimes's pleadings, as this is his fourth suit based on the same alleged facts.  It is evident Grimes has been given the opportunity, on more than one occasion, to pursue his claims. We conclude his pursuit in this case was rightfully ended by the District Court.

Accordingly, for the foregoing reasons, we will affirm the District Court's judgment.[3]

rented vehicle.  Appellant's Br. 2–16.

[3] We also grant both Avis's motion to file a supplemental appendix and Grimes's motion to file a supplemental addendum to the appendix.